■ In the Matter of TOWN OF HAVERSTRAW, Respondent, v THOMAS C. JORLING et al., Appellants. [614 NYS2d 320] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation, dated December 30, 1992, *inter alia,* directing the Town of Haverstraw to cease operating a sanitary landfill, the New York State Department of Environmental Conservation appeals from a judgment of the Supreme Court, Rockland County (Meehan, J.), dated March 26, 1993, which granted the petition.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

On December 30, 1992, the New York State Department of Environmental Conservation (hereinafter DEC) issued a letter, *inter alia,* ordering the Town of Haverstraw (hereinafter the Town) to close its sanitary landfill.

By judgment dated March 26, 1993, the Supreme Court determined that the subject letter constituted a de facto summary abatement order which had been issued in violation of the Town's rights to procedural and substantive due process. This determination is the subject of the instant appeal. However, after the March 26, 1993, judgment was rendered, the DEC began proceedings to obtain a summary abatement order, this time following proper procedure by bringing the matter before an Administrative Law Judge (hereinafter ALJ). Based upon the findings and recommendations of the ALJ, the Commissioner of the DEC, by order dated October 20, 1993, issued the summary abatement order. The Town's subsequent CPLR article 78 proceeding was dismissed on the merits by order dated May 17, 1994, thus upholding the propriety of the summary abatement order and the legality of the closing of the landfill by the DEC. Accordingly, since the subject landfill has been lawfully closed, the issue on this appeal of whether the DEC's initial attempt to close the landfill was lawful is rendered academic. O'Brien, J. P., Pizzuto, Joy and Krausman, JJ., concur.